the public safety as a condition of granting a license for a business which is subject to regulation and license. In the case at bar the expenditure required for the installation of an oil separator as claimed by the petitioner is not so great, considering the dangers sought to be averted and the business to be conducted on the premises as to justify the court in declaring it oppressive. See Health Department v. Rector, etc., 145 N. Y. 32, 39 N. E. 833, 27 L. R. A. 710, 45 Am. St. Rep. 579. It is manifest that the quantity of gasoline finding its way into the effluent depends upon the care with which the business is conducted. The validity of a statute or ordinance, or its applicability, is not to be decided upon what has been or is being done, but what may be done, and not by its effect in a particular case, but upon a consideration of its general purpose and its efficacy to effect that end. City of Rochester v. West; supra; City of Rochester v. Gutberlett, supra; City of Rochester v. Macauley-Fien M. Co., supra. While a question of fact arises with respect to the efficiency of oil separators and with respect to the danger from fire and to health arising from gasoline in the public sewers, yet it appears by uncontroverted evidence that a separator, if used, will tend to minimize these dangers, and therefore I think as matter of law the ordinance must be sustained, even if it be regarded as an ordinance merely.

It follows that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.

(95 Misc. Rep. 571)

WARD v. JEWISH LEADER PUB. CO., Inc.

(Supreme Court, Appellate Term, First Department. June 28, 1916.)

COURTS ⚯189(7)—MUNICIPAL COURTS—ANSWER—NECESSITY OF SPECIFIC DENIAL OF SIGNATURE.

In suit in Municipal Court on a contract alleged to have been signed with the signature of defendant corporation by its secretary, who affixed his signature as secretary, defendant was barred from proving its secretary's lack of authority to execute the contract by its noncompliance with Municipal Court Code (Laws 1915, c. 279) § 92, providing that a signature to a written instrument which is pleaded shall be taken as admitted unless the party sought to be charged thereby files with the clerk, within eight days after joinder of issue, a specific denial of the genuineness of the signature and a demand that it be proved, and that such denial and demand by a defendant may be included in his answer.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 413, 429, 458; Dec. Dig. ⚯189(7).]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Artemas Ward against the Jewish Leader Publishing Company. From a Municipal Court judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Everett, Clarke & Benedict, of New York City (George W. Martin, of Brooklyn, of counsel), for appellant.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for respondent.

GUY, J. Plaintiff appeals from a judgment entered by direction of the court dismissing the complaint after a trial before the court without a jury.

The action is for breach of a written contract, which the complaint alleges was entered into between plaintiff and defendant, whereby plaintiff agreed to render certain services in handling, distributing, and collecting defendant's publication, Jewish Leader, to news stands of the Manhattan Elevated Railway and Subway Systems of the Interborough Rapid Transit Company, to maintain said publication on sale each month during the period stated in the agreement, and to pay defendant for all copies sold by plaintiff at the trade price of 60 cents per 100; and defendant agreed to pay $30 each month in advance for such service, with the understanding that, if the total sales of each month exceeded 7,500 copies, the charge of $30 for distributing service should be canceled.

The written contract, which was introduced in evidence, bears the signature: "Jewish Leader Publg. Co., A. Hillman, Sec'y." The answer denies the making of the contract alleged in the complaint.

The two questions involved on this appeal are: First, whether said Hillman, who signed the contract for the defendant, and who was also a director of the company, was duly authorized to make said contract, or, if not so authorized, whether the contract was subsequently ratified by defendant; second, whether by reason of noncompliance with section 92 of the Municipal Court Code defendant can question the authenticity of the signature attached to said contract.

Defendant introduced in evidence a by-law of the defendant company which provides that no debts shall be contracted or liability incurred or contracts made and entered into by any officer of the company unless authorized and directed by a resolution of the board of directors entered in the minutes of said board, and that all contracts involving a payment or a liability greater than $25 shall be reduced to writing and signed by the president and secretary, and be under the seal of the company; and evidence was introduced showing no such resolution was ever adopted authorizing the making of the contract.

There is evidence which might be deemed sufficient to establish general authority in Hillman, the secretary and director, to fix the terms of all contracts for the distribution of defendant's publications, so as to bring the making of the contract with plaintiff within the apparent scope of his authority, notwithstanding the provisions of defendant's by-laws; but there is no proof of knowledge by plaintiff of such general authority in Hillman and plaintiff's reliance thereon. Nor is there sufficient proof of ratification, except as shown by the pleadings.

It is also contended by plaintiff appellant, and we think properly, that the question of the authenticity of defendant's signature to the contract could not be raised by defendant on the trial herein because of defendant's failure to comply with section 92 of the Municipal Court Code, which provides that:

"A signature to a written instrument which is pleaded shall be taken as admitted unless the party sought to be charged thereby files with the clerk, within eight days after joinder of issue, a specific denial of the genuineness

of the signature and a demand that it be proved. Such denial and demand by a defendant may be included in his answer."

While the answer herein denies the making of the contract alleged in the complaint, it does not demand that the signature to the contract, which is pleaded and annexed to the complaint herein, be proved, as required by section 92. The party sought to be charged with said contract is the defendant herein, not Hillman, and the contract alleged purports to bear the signature of the defendant. Defendant having failed to comply with the provisions of section 92, its signature to said alleged contract must, for the purpose of the trial of this action, be deemed the genuine and authentic signature of the defendant. Plaintiff proved the making of a valid contract, binding upon the defendant, and a subsequent breach thereof, with damage to plaintiff. This established a good cause of action, and the dismissal of the complaint was error.

The judgment must therefore be reversed, and a new trial ordered, with $30 costs to appellant to abide the event.

BIJUR, J., concurs in result.

---

(95 Misc. Rep. 670)

ROYAL INDEMNITY CO. v. INTERNATIONAL RY. CO.

(Supreme Court, Special Term, Erie County. June 27, 1916.)

1. ASSIGNMENTS ⊜⊃57—NOTICE TO DEBTOR.
    Where the defendant street railroad company had actual notice, or facts sufficient to put it on inquiry, that an assignment of a claim against it for damages to property had been made to plaintiff insurance company, although formal notice of the assignment was not given, a release given by the assignor of the claim for damages to property was not valid as against plaintiff.
    [Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 116–120; Dec. Dig. ⊜⊃57.]

Appeal from City Court of Buffalo.